456 A.2d 575

Vincent GUARINO and Angelina Guarino, his wife

v.

Henry DiBIASE and Robert E. Stairs.

**Appeal of Robert E. STAIRS.**

Superior Court of Pennsylvania.

Argued March 17, 1982.

Filed Feb. 11, 1983.

Joyce Mazero, Pittsburgh, for appellants.

Patrick J. Loughney, Pittsburgh, for appellees.

Before SPAETH, JOHNSON and HOFFMAN, JJ.

SPAETH, Judge:

This is an appeal from an order granting a motion for summary judgment. The appeal will be quashed.

On December 22, 1978, an automobile driven by Robert Stairs crossed into the lane of oncoming traffic and collided with an automobile driven by Henry DiBiase. Vincent Guarino was DiBiase's passenger, and was hurt in the accident. Guarino and his wife, Angelina, sued both Stairs and DiBiase. Stairs filed a cross-claim against DiBiase, asserting that DiBiase was solely liable or liable for contribution or indemnification. The effect of this cross-claim was to make DiBiase an additional defendant to whom Stairs is in the position of plaintiff. Pa.R.C.P. 2252, 2255.

At his deposition Mr. Guarino said that DiBiase had warned him of the impending collision, had brought his automobile to a stop in the proper lane just before the collision, and could have done nothing to avoid the accident. DiBiase then moved for summary judgment, and the lower court granted the motion. Stairs has appealed.

DiBiase's motion only requested judgment in his favor; it did not acknowledge that he was, in effect, being sued by Stairs as well as by the Guarinoes. However, the lower court's order specifically granted judgment in his favor against Vincent and Angelina Guarino only. If the lower court had also granted judgment against Stairs, that would have been error. For only the Guarinoes are bound by the admissions in Vincent Guarino's deposition, and judgment against Stairs would have been contrary to the rule of *Nanty-Glo Borough v. American Surety Co.*, 309 Pa. 236, 163 A. 523 (1932). Because the lower court properly did not grant summary judgment in DiBiase's favor against Stairs, and therefore the summary judgment against the Guarinoes cannot be used against Stairs, DiBiase is still in court and still must defend against Stairs's cross-claim.

We recognize that *Carollo v. Forty-Eight Insulation, Inc.,* 252 Pa.Superior Ct. 422, 381 A.2d 990 (1977), would appear to allow Stairs to appeal the grant of summary judgment in favor of his co-defendant DiBiase. However, *Carollo* and the cases on which it relies, *East Broad Top Transit Co. v. Flood,* 326 Pa. 353, 192 A. 401 (1937), and *Schwartz v. Jaffe,* 324 Pa. 324, 188 A. 295 (1936), are all cases where the order being appealed let the co-defendant out of the case entirely. That is not true here. So far as the claims and interests of Stairs are concerned, DiBiase is still in the case. Clearly the Guarinoes could have appealed the grant of summary judgment against them. However, in view of Vincent Guarino's admissions it is hardly surprising that they did not. Because judgment was not entered against Stairs, he does not have standing to appeal the order granting judgment against the Guarinoes.

The appeal is quashed.