Brian and Amelia Aberant, Individually and as Administrators of the Estate of Brian Leonard Aberant, Deceased, and as Parents and Natural Guardians of Timothy Aberant, a Minor v. Wilkes-Barre Area School District and David Williams, t/a Williams Bus Company and Debra Ann Talmadge. Wilkes-Barre Area School District, Petitioner.

Argued April 8, 1985, before Judges ROGERS and COLINS and Senior Judge BLATT, sitting as a panel of three.

*Paul A. Barrett, Nogi, O'Malley, Harris & Schneider, P.C.*, for petitioner.

*Albert J. Flora, Jr.*, for respondents.

OPINION BY JUDGE COLINS, May 29, 1985:

The Wilkes-Barre Area School District (School District) appeals from an interlocutory order of the Court of Common Pleas of Luzerne County, denying the School District's Motion for Summary Judgment based upon immunity as provided in Section 8541 of the Judicial Code.[1] The School District was granted permission to appeal from an interlocutory order.

The original suit was brought by Brian and Amelia Aberant (respondents), individually and as administrators of the Estate of Brian Leonard Aberant, their deceased son, and as parents and natural guardians of Timothy Aberant, their other son, a minor. Brian was fatally injured after he disembarked from a school

[1] 42 Pa. C. S. §8541.

bus at a T-type intersection. He attempted to cross at the "T" intersection and was struck by a passenger car. He and his brother, Timothy, normally crossed the street on which the school bus had stopped (Nicholson) and then crossed the other street (Hazel) in front of their home. Timothy proceeded to follow this procedure. There is a stop sign where Nicholson ends at Hazel. There are no stop signs, traffic signals, or crossing guards at Hazel at the "T" intersection.

The petitioner School District claims that it is immune from liability under Section 8541 of the Judicial Code, that none of the eight exceptions in Section 8542(b) applies, and that one of the two qualifying conditions enumerated in Section 8542(a) is not satisfied. Petitioner also argues that even if it did not comply with legislatively enacted duties, it cannot be held to have waived or to have been estopped from asserting immunity from suit as provided by Section 8541 of the Judicial Code.

Respondents (plaintiffs below) assert that a school bus, when stopped along a highway with its lights flashing or an adult school crossing guard, constitutes a traffic control within the "dangerous condition" exception of Section 8542(b)(4); that there exist genuine issues of fact as to whether respondents' claim falls within this exception; and that the School District has waived or limited its right to appellate review of this issue by its failure to properly raise or preserve it in its Motion for Summary Judgment and Petition for Allowance of Appeal.

We must initially note that the School Board raised the issue of tort immunity in its Answer to Complaint and New Matter as affirmative defenses (Nos. 7 and 8). We see no merit in respondents' argument that this issue was not properly raised or preserved.

Next we must examine whether the School District is immune from suit. The relevant statutes read as follows:

§8541. *Governmental immunity generally*

Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person.

§8542. *Exceptions to governmental immunity*

(b) *Acts which may impose liability.*—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency: . . . .

(3) *Real property.*—The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency. A [sic] used in this paragraph, "real property" shall not include:

(i) trees, traffic signs, lights and other traffic controls, street lights and street lighting systems;

(ii) facilities of steam, sewer, water, gas and electric systems owned by the local agency and located within rights-of-way;

(iii) streets; or

(iv) sidewalks.

(4) *Trees, traffic controls and street lighting.*—A *dangerous condition* of trees, *traffic signs, lights or other traffic controls,* street lights or street lighting systems *under the care, custody or control of the local agency,* except that the

claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition. . . .

(6) *Streets.*—

(i) A dangerous condition of streets *owned by the local agency,* except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition. (Emphasis added.)

We have stated in *Vann v. Board of Education of the School District of Philadelphia,* 76 Pa. Commonwealth Ct. 604, 464 A.2d 684 (1983), that public schools are local agencies as intended by Section 8541 of the Judicial Code, and that the exceptions enumerated in Section 8542 should be narrowly construed. Therefore, Section 8541 would apply here unless the circumstances of this unfortunate incident deprive the School District of its immunity via one of the enumerated exceptions.

The only exceptions remotely applicable are Sections 8542(b)(4) or (b)(6). The latter, although pertaining to the safety of streets actually relates to streets under the control of the agency and, therefore, is not applicable here.

Respondents claim that exception (b)(4) is appropriate because a school bus, when stopped with lights flashing, is a traffic control within the dangerous condition exception. A "traffic-control signal" is defined in Section 102 of the Motor Vehicle Code as "[a] device, whether manually, electrically or mechanically operated, by which traffic is alternately directed to stop and permitted to proceed."[2] A school bus is defined as "a motor vehicle which complies with the color and lighting identification requirements of Section 4552. . . ."[3] A school bus does, at times, direct traffic to stop at certain times, as described in Section 3345 of the Motor Vehicle Code.[4] However, it would be difficult to characterize a school bus as "a device" by which traffic is alternately directed to stop or proceed. A school bus is a motor vehicle to which the lights are affixed. The lights are a part of the vehicle and not a traffic control signal.

Furthermore, the vehicle was not located at the place where the accident occurred, nor was it supposed to be stopped there. There has been no allegation that the lights were not functioning properly when the decedent alighted from the bus. In fact, he was struck some distance away from the point where he left the bus, on a different street.

For these reasons, we find that the School District did not operate a "traffic control" within the meaning of the statute and, therefore, is immune from suit pursuant to Section 8541. The decision of the Court of Common Pleas of Luzerne County denying the School District's Motion for Summary Judgment is hereby reversed.

---

[2] 75 Pa. C. S. §102.

[3] *Id.*

[4] 75 Pa. C. S. §3345.

522

## ORDER

AND Now, May 29, 1985, the decision of the Court of Common Pleas of Luzerne County, denying the Motion for Summary Judgment, is reversed and the Court is directed to enter judgment for the Wilkes-Barre Area School District. The matter is remanded for further proceedings. Jurisdiction relinquished.