541 A.2d 56

Carl Post et al. *v.* Linley John Dodd et al. Commonwealth of Pennsylvania, Department of Transportation, Appellant.

Carl Post et al. *v.* Linley John Dodd et al. Linley John Dodd et al., Appellant.

Argued March 24, 1988, before Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Louis C. Long,* with him, *Richard J. Mills* and *Gregory F. Buckley, Meyer, Darragh, Buckler, Bebenek & Eck,* for appellants, Linley John Dodd, Elmer George Honsler, Ranger Nationwide, Inc. and Ryder Systems, Inc.

*Robert T. McDermott,* Deputy Attorney General, with him, *Mark E. Garber,* Chief, Tort Litigation Unit, and *LeRoy S. Zimmerman,* Attorney General, for appellant, Department of Transportation.

*John B. Fessler,* with him, *Will J. Schaaf, Marsh, Spaeder, Baur, Spaeder & Schaaf,* for appellee, Roger Locke.

OPINION BY SENIOR JUDGE BARBIERI, May 11, 1988:

Linley John Dodd, Elmer George Honsler, Ranger Nationwide, Inc., Ryder Systems, Inc., and the Com-

monwealth of Pennsylvania, Department of Transportation (collectively Co-defendants) appeal the order of the Court of Common Pleas of Erie County granting summary judgment to Defendant Roger Locke (Locke) in a personal injury action arising from a motor vehicle accident brought by Carl Post, Sherry Post, his wife, Tammy Post, Donald Post and Emma Post, his wife (Plaintiffs). Also before this Court is Locke's petition to supplement the record with additional deposition evidence taken after the trial court rendered its decision. We reverse the trial court's grant of summary judgment against the Co-defendants only, deny the petition to supplement the record, and remand.

On December 17, 1983, Roger Locke was driving Carl Post, Sherry Post and Tammy Post back from the wedding reception of Carl and Sherry Post when his automobile was struck by a tractor-trailer driven by Linley John Dodd at the intersection of the westbound entrance ramp of Interstate 90 and U.S. Route 20 in Erie County. Carl and Sherry Post, and Donald and Emma Post on behalf of their minor child Tammy Post, all instituted suit for the serious injuries the passengers in the Locke automobile sustained. Joined as defendants were Linley John Dodd, the owners of the tractor-trailer he was driving, the Department of Transportation (DOT), and Roger Locke. These defendants all filed cross-claims against each other, and at issue in the case are the claims for contribution and indemnity filed by the various Co-defendants against Locke (R. 60-61a; 64-66a).

Discovery proceedings were instituted and the depositions of the Plaintiffs, Locke, and a witness to the accident, Julie Otteni, were taken. The Co-defendants had trouble locating their witness, Linley John Dodd, and the discovery deadline imposed by the trial court passed before they could find and depose him. At the

close of discovery, Locke filed a motion for summary judgment based on his own deposition and the depositions of the Plaintiffs and Julie Otteni. The Plaintiffs did not oppose this motion and do not appeal the grant of it. The other Co-defendants did oppose the motion but could offer no evidence in opposition. The trial court granted Locke's motion and it is the Co-defendants who now appeal to this Court, asserting that the trial court has foreclosed their rights of contribution and indemnity against defendant Locke.

The Co-defendants argue it was error to grant Locke's motion for summary judgment against them which would rule out their contribution claims based on the depositions of the Plaintiffs, because only the Plaintiffs and not the Co-defendants are bound by the Plaintiffs' deposition admissions. *Nanty-Glo Borough v. American Surety Co.,* 309 Pa. 236, 163 A. 523 (1932). They further assert that a blanket grant of summary judgment in favor of defendant Locke puts them out of court on their contribution claim thereby creating an appealable order. *Guarino v. DiBiase,* 310 Pa. Superior Ct. 211, 456 A.2d 575 (1983).

Our first task is to determine whether an appealable order exists. The trial court granted summary judgment to a defendant on a motion which the Plaintiffs did not oppose but did not specifically rule that this defendant was also entitled to summary judgment on the contribution claims filed by the other Co-defendants. In its Pa. R.A.P. 1925 opinion, the trial court concluded that none of the Co-defendants had filed a cross-claim against Locke. *Carl Post et al. v. Linley Dodd et al.* (No. 4483-A-1985, filed June 11, 1987) slip op. at 5. The trial court is plainly in error since the cross-claims for contribution appear in the record as previously noted. However, the trial court then went on to discuss the entry of summary judgment against the Co-defendants and conclud-

ed that *Nanty-Glo* would not preclude summary judgment in favor of Locke in that Plaintiffs' depositions were adverse and the Co-defendants offered no evidence in opposition. *Carl Post, supra* at 5. The trial court removed Locke as a defendant in this case as a matter of law, thereby creating an appealable order with respect to the Co-defendants on their contribution claim. *Guarino.*

We now come to the crux of the matter; has Locke presented sufficient competent evidence against the Co-defendants on their contribution claim that would show that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law? *Washington Federal Savings and Loan Association v. Stein,* 357 Pa. Superior Ct. 286, 515 A.2d 980 (1986). The trial court focused on the fact that the Co-defendants produced no evidence in opposition. However, under Pa. R.C.P. 1035, Locke is the moving party. If Locke's evidence is not competent to support his motion under the *Nanty-Glo* rule, the Co-defendants' failure to submit evidence in opposition is irrelevant.

*Nanty-Glo* holds that even the uncontradicted testimony of the moving party and his witnesses will not afford sufficient basis for summary judgment since the credibility of the testimony is for the jury. *Curran v. Philadelphia Newspapers, Inc.,* 497 Pa. 163, 439 A.2d 652 (1981). *Guarino* applied the *Nanty-Glo* rule to contribution actions under facts similar to those in this case. In *Guarino,* a passenger in an automobile sued both his driver and the driver of the other automobile who hit him. The other driver promptly cross-claimed for contribution. Plaintiff's driver filed a motion for summary judgment based on the deposition of his passenger, the Plaintiff, precisely as Locke has done in this case. The Superior Court held that the grant of summary judgment against the co-defendant only was in er-

ror; since Plaintiff's deposition bound only Plaintiff, it had no effect against the co-defendants under the *Nanty-Glo* rule.

To summarize, while plaintiff's deposition admissions are adverse to plaintiff and may support a defendant's motion for summary judgment against this plaintiff, they are not adverse to co-defendants litigating their separate contribution claims among themselves. Because such admissions do not bind the co-defendants against each other, they may not be used by one co-defendant against another in a motion for summary judgment in the underlying contribution action.

In the present case, Locke's motion for summary judgment is based on his own and his passengers' depositions. Under *Guarino*, the admissions in these depositions have no effect against the other Co-defendants and cannot serve as the basis for summary judgment against them. Locke attempts to distinguish *Guarino* by pointing out that he also relied on the deposition of an "independent" witness, Julie Otteni. The record discloses that Julie Otteni was Locke's fiancee at the time of the accident, that she was driving an automobile owned by Locke directly behind his automobile in the wedding procession, and that she subsequently married Roger Locke. (Record Exhibit No. 60, Deposition of Julie Otteni taken October 9, 1986, p. 3).[1] We do not

---

[1] It should also be noted that Roger Locke was the best man at the wedding of Plaintiffs Carl Post and Sherry Post. He was driving the newlyweds to their home following the reception when the accident occurred. (Record Exhibit No. 64, Deposition of Roger Locke taken October 9, 1986, p. 9). If we view the contribution action between Locke and the other Co-defendants as a separate action seeking to determine liability between these parties, we can only characterize Locke's evidence as the testimony of the moving party and *his witnesses,* which even if uncontradicted is insufficient to support a motion for summary judgment. *Curran, supra.*

find Julie Otteni Locke to be an independent witness. Therefore, none of Locke's evidence was competent to support a motion for summary judgment against the Co-defendants based on *Guarino* and *Nanty-Glo*. Consequently, the grant of summary judgment against these Co-defendants must be reversed and the case remanded.

Finally, to further complicate the picture, after the trial court rendered its grant of summary judgment, the Co-defendants finally located their missing witness, Linley John Dodd, and deposed him. Locke now petitions this Court to supplement the record with this additional deposition evidence. We decline to review this additional evidence which the trial court did not have the benefit of in rendering its decision. *See Ritter v. Ritter*, 359 Pa. Superior Ct. 12, 518 A.2d 319 (1986).

ORDER

Now, May 11, 1988, the order of the Court of Common Pleas of Erie County at No. 4483-A-1985, dated April 21, 1987, insofar as it grants summary judgment to Roger Locke against Linley John Dodd, Elmer George Honsler, Ranger Nationwide, Inc., Ryder Systems, Inc., and Commonwealth of Pennsylvania, Department of Transportation, is hereby reversed and the case remanded. The petition of Roger Locke to supplement the record with additional evidence is denied. Jurisdiction relinquished.