595 A.2d 204

**Carolyn HILLERMAN, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION and City of Philadelphia, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Dec. 6, 1990.

Decided June 3, 1991.

Publication Ordered July 22, 1991.

Joseph H. Blum, for appellant.

John J. Calabro, Deputy Atty. Gen., for appellee, Com.

Audrey Greenhall, for appellee, City of Philadelphia.

Before COLINS and KELLEY, JJ., and BARBIERI, Senior Judge.

KELLEY, Judge.

Carolyn Hillerman (Hillerman) appeals from an order of the Court of Common Pleas of Philadelphia County (trial court) which denied her motion to take off a nonsuit granted at the conclusion of Hillerman's case. We affirm.

The relevant facts, as found by the trial court in this case, are as follows. On December 12, 1983, Hillerman was hit by a car while crossing Broad Street where it intersects Ritner Street in South Philadelphia. Hillerman estimated that she had crossed this intersection at least two hundred times. The accident occurred when Hillerman stepped off the center median on Broad Street, went past a panel truck stopped in the lane closest to her, and walked in front of a car in the next lane of traffic. The car struck Hillerman and knocked her to the ground.

Hillerman testified that the light was still green as she continued across Broad Street, but turned yellow while she was in front of the panel truck. Hillerman also testified that when she stepped off the median and into the street, her view was blocked by the panel truck.

Immediately after the impact, the driver of the car that struck Hillerman stopped and asked if she was okay. Hillerman replied that she thought she was. The driver then turned onto Ritner Street and disappeared without being identified.

Hillerman then sued the Department of Transportation (DOT) and the City of Philadelphia (City) (collectively defendants) alleging negligent design and maintenance of the traffic signals. DOT and the City filed preliminary objections based upon government immunity. These objections were denied and answers with affirmative defenses were filed by DOT and the City.

The case proceeded to trial and at the conclusion of Hillerman's case, the trial court granted defendants' mo-

tions for nonsuit finding that Hillerman could not recover damages for her injuries because, as to these defendants, she was more than fifty percent comparatively negligent, as a matter of law. After Hillerman's motion to remove the nonsuit was denied on March 1, 1990, she filed a timely appeal with this Court.

Our review of the trial court's refusal to remove the nonsuit is governed by the following standard:

> [A] nonsuit is an extraordinary intervention into the jury process and as such is properly entered only in a clear case. . . . A nonsuit may not be granted unless the jury, viewing all the evidence and all reasonable inferences arising from it, in the light most favorable to the plaintiff, could not reasonably conclude that the elements of the cause of action have been established.

*Massa v. Mattiace,* 284 Pa.Superior Ct. 273, 277, 425 A.2d 809, 811–12 (1981).

Hillerman argues that she presented sufficient evidence to make out a *prima facie* case that defendants acted negligently by not installing "walk/don't walk" signs at a major urban intersection. Hillerman also argues that in an action governed by 42 Pa.C.S. Section 7102,[1] a nonsuit may not be entered based upon the trial court's personal evaluation that Hillerman was more negligent than these defendants and thus barred from recovery, as a matter of law.

Hillerman relies on *Peair v. Home Association of Enola Legion No. 751,* 287 Pa.Superior Ct. 400, 430 A.2d 665 (1981), for the proposition that in comparative negligence cases there has been a reluctance by the courts to

---

1. Section 7102, popularly known as the Comparative Negligence Act, provides in part that:

 (a) General rule.—In all actions brought to recover damages for negligence resulting in death or injury to person or property, the fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery by the plaintiff or his legal representative where such negligence was not greater than the causal negligence of the defendant or defendants against whom recovery is sought, but any damages sustained by the plaintiff shall be diminished in proportion to the amount of negligence attributed to the plaintiff.

grant a nonsuit. However, the *Peair* court, in discussing such reluctance, stated that "[t]his is not to say that a court will never enter a nonsuit in a comparative negligence case.... [A] case may arise in which it may be proper to hold as a matter of law that the plaintiff's negligence was equal to or greater than the defendant's, although it does seem likely that such a case will be rare." *Peair*, 287 Pa.Superior Ct. at 408, 430 A.2d at 669. We believe that the instant case is such a rare case.

■ Hillerman testified that the light was still green as she continued across Broad Street, but turned yellow while she was in front of the panel truck. We agree with the trial court's finding that Hillerman cannot recover under either one of the two scenarios which occurred after the traffic light turned yellow.

Under the first scenario, before Hillerman stepped into the next lane of traffic, the light turned red for her and green for the striking car. Hillerman testified that she failed to look around the panel truck before stepping into the next lane. Therefore, even though she was aware the light was in the process of turning from yellow to red, Hillerman walked into the next lane of traffic against the light while her view was blocked by the panel truck.

Under the second scenario, the striking car anticipated his light turning green and ran the red light. If this scenario occurred, no timing of the lights or placing of walk/don't walk signs by the defendants in this case could have prevented the accident.

We believe that this is a clear case in which a nonsuit was properly entered as a matter of law, because Hillerman's actions constituted negligence that was clearly equal to or greater than the defendants in this case.[2] Accordingly, the trial court properly refused to remove the nonsuit.

2. Since the driver of the car that struck Hillerman is not a party to this case, we have no opinion as to his degree of negligence in this matter.

 DOT argues in this case that under this Court's decision in *Crowell v. City of Philadelphia,* 131 Pa.Commonwealth Ct. 418, 570 A.2d 626 (1990), *petition for allowance of appeal granted,* 525 Pa. 550, 582 A.2d 1311 (1990), it cannot be held liable because Hillerman's injuries were caused by the acts of a third party. We note that in *Buschman v. Druck,* 139 Pa.Commonwealth Ct. 182, 590 A.2d 53 (1991), this Court overruled *Crowell,* to the extent that a governmental party or local agency is not immune merely because the action was facilitated by an act of another tortfeasor who was not engaged in criminal conduct at the time of the incident for which an injured party files a claim.

Accordingly, the trial court's order denying Hillerman's motion to take off the nonsuit is affirmed.

BARBIERI, Senior Judge, concurs in the result only.

## ORDER

NOW, this 3rd day of June, 1991, the order of the Court of Common Pleas of Philadelphia County, February Term, 1985, No. 3068, dated March 1, 1990, denying appellant's motion to take off nonsuit, is hereby affirmed.