**Whittaker v. Township of Pocono**

*John B. Dunn,* for plaintiffs.
*Susan Ellis Wild,* for defendant Pocono Mountain School District.

MARSH, *P.J.,* December 13, 1991—On February 27, 1986, the minor plaintiff Jason Whittaker had exited his school bus and began walking to his home approximately 225 feet from his school bus stop. The school bus stop is at the intersection of Fawn Lane

and Laurel Lake Road. Jason lives on Laurel Lake Road. On the said date plaintiffs aver that Jason was struck by defendant Rebecca S. Apple's vehicle. As a result of that accident, Jason sustained injuries. On February 19, 1988, plaintiffs commenced suit against the above-named defendants by praecipe for writ of summons. On October 14, 1988, plaintiffs filed a seven-count complaint against defendants. Thereafter the court sustained preliminary objections raised by defendants Apple and Township of Pocono. Plaintiffs agreed to withdraw the plaintiff's loss of consortium of the child claim as well as any claim by the parents for medical bills paid on behalf of the child.

On September 3, 1991, defendant Pocono Mountain School District filed a motion for summary judgment with the court. The matter was praeciped for argument court and oral arguments were heard in chambers on October 7, 1991. The parties having filed their briefs in this matter, the court shall now rule on the motion.

Defendant Pocono Mountain School District contends that plaintiffs' cause of action is barred under the Political Subdivision Tort Claims Act, 42 Pa.C.S. §8541 et seq. The School District, therefore, asks this court to grant summary judgment in its favor.

A motion for summary judgment may properly be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Pa.R.C.P. 1035(b). The moving party has the burden of persuading the court that no genuine issues exist as to the material facts. *Garcia v. Savage,* 402 Pa. Super. 324, 328, 586 A.2d 1375, 1377 (1991). In passing upon a motion for summary judgment, the court must

examine the record in the light most favorable to the non-moving party. *Thorsen v. Iron and Glass Bank,* 328 Pa. Super. 135, 140, 476 A.2d 929, 930-931 (1984). It is not part of the court's function to decide issues of fact but solely to determine whether there is an issue of fact to be tried. *Id.* at 141, 476 A.2d at 931. Summary judgment may be entered only where the case is free from doubt. *Garcia, supra* at 328, 586 A.2d at 1377.

In examining whether or not the School District is immune from suit, we rely on the following statutes:

"§8541—*Governmental immunity generally*

"Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person.

"§8542—*Exceptions to governmental immunity*

"(a) *Liability imposed*—A local agency shall be liable for damages on account of an injury to a person or property within the limits set forth in this subchapter if both of the following conditions are satisfied and the injury occurs as a result of one of the acts set forth in subsection (b):

"(1) The damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense under section 8541 (relating to governmental immunity generally) or section 8546 (relating to defense of official immunity); and

"(2) The injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b). As used in this paragraph, 'negligent acts' shall not include acts

or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct.

"(b) *Acts which may impose liability*—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

"(4) *Trees, traffic controls and street lighting*—A dangerous condition of trees, traffic signs, lights or other traffic controls, street lights or street lighting systems under the care, custody or control of the local agency, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition." 42 Pa.C.S. §8541, §8542(a), (b)(4).

The School District is an agency under section 8541. *Bryson v. Solomon,* 97 Pa. Commw. 530, 510 A.2d 377 (1986).

Plaintiffs argue that a cause of action against the School District exists against the school for failure to meet the statutory duty of designating safe school bus loading zones, especially after notification from plaintiffs that Jason's bus stop location is dangerous. Pursuant to section 3345(h).

"*Loading zones for school children*—Every school district transporting school children by school bus shall establish and maintain school bus loading zones at or near all schools to or from which school children are transported and shall establish school bus loading zones along the highways traversed by school buses in ac-

cordance with regulations promulgated by the department." 75 Pa.C.S. §3345(h).

Further pursuant to 67 Pa. Code §104.3(b), in pertinent part:

*"On-roadway loading zones*—If it is not possible or practical to establish a school bus loading zone off the roadway, the loading zone should be located to optimize driver sight distance to the school bus in both directions." Instantly, Jason's bus stop is located on the roadway. According to an excerpt of Joan Whittaker's deposition, she testified that she had notified the principal of Jason's school about the dangerous bus stop. When the principal returned Joan Whittaker's telephone call, he indicated that he could not re-route the school bus to accommodate everyone. (Excerpt from deposition of Joan Whittaker, marked as exhibit "B" on brief contra School District motion for summary judgment filed October 7, 1991.)

In order to impose liability on the School District, plaintiffs must satisfy two conditions; that the damages would be recoverable under common law or pursuant to a statute creating a cause of action; and that the injury was caused by the negligent acts of the local agency with respect to one of the categories listed in 42 Pa.C.S. §8542(b). Clearly plaintiffs have met the first condition of maintaining an action against the School District. Plaintiffs could possibly recover damages at common law under a negligence theory. Plaintiffs aver that the School District breached its duty in maintaining a safe school bus loading zone which was the proximate cause of Jason's injuries. Next, we must determine if the cause of action falls within the categories established in 42 Pa.C.S. §8542(b).

In reviewing the Political Subdivision Tort Claims Act (hereinafter PSTCA), we find that the only category

which may apply to the case at bar is subsection (b)(4). That section states:

"*Exceptions to governmental immunity*

"(b) *Acts which may impose liability*—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

"(4) *Trees, traffic controls and street lighting*—A dangerous condition of trees, traffic signs, lights or other traffic controls, street lights or street lighting systems under the care, custody or control of the local agency, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition." 42 Pa.C.S. §8542(b)(4).

Instantly, plaintiffs contend that the school bus is a traffic control within the dangerous condition exception of PSTCA. We do not agree. The Commonwealth Court has held that, "[a] school bus does, at times, direct traffic to stop at certain times.... However, it would be difficult to characterize a school bus as 'a device' by which traffic is alternately directed to stop or proceed." *Aberant v. Wilkes-Barre Area School District,* 89 Pa. Commw. 516, 521, 492 A.2d 1186, 1188 (1985). In *Aberant,* the court held that a school bus, even when stopped with flashing lights, is not a traffic control within the dangerous condition exception of PSTCA.

Plaintiffs have cited two cases as controlling here. The first case is *Hillerman v. PennDOT and City of Philadelphia,* 141 Pa. Commw. 14, 595 A.2d 204 (1991).

In *Hillerman* the plaintiff was struck by a vehicle while attempting to cross a major intersection in South Philadelphia. After Hillerman presented her case-in-chief, the trial court granted defendant's nonsuit. In affirming the trial court's granting of the nonsuit, the Commonwealth Court held that plaintiff's actions constituted negligence which was equal or greater than that of defendants. *Hillerman, supra.* The Commonwealth Court stated that a governmental party or local agency is not immune merely because the action was facilitated by an act of another tortfeasor who was not engaged in criminal conduct at the time of the incident for which an injured party files a claim. *Id.* at 19, 595 A.2d at 206.

Next, plaintiffs cite *City of Philadelphia v. Duda, by Duda,* 141 Pa. Commw. 88, 595 A.2d 206 (1991) in support of their position. In *Duda* the action arose after Nanci Duda, a minor plaintiff, dove into a public swimming pool causing severe and permanent brain injury. After the jury found that the city was 80 percent at fault, the city motioned the trial court for post-trial relief. The trial court denied the post-trial relief and the city appealed to the Commonwealth Court. The Commonwealth Court held that the real property exception to governmental immunity (42 Pa.C.S. §8542(b)(3)) applies here, thus subjecting the city to liability. In *Duda,* the court stated that the real estate exception to governmental immunity as expressed in *Mascaro v. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987), applies only to those situations where the act of another not only is a substantial factor in causing the harm but is of such a nature as to constitute a superseding cause. *Id.* at 94-95, 595 A.2d at 209. (cite omitted) "Under the real property exception, there

must be a direct nexus between the injury and the condition of the real property and that the negligence of the governmental defendant must be such as would create a primary rather than only a secondary liability." *Buschman v. Druck,* 139 Pa. Commw. 182, 197-198, 590 A.2d 53, 61 (Byer Jr., concurring) (1991).

Instantly, we do not disagree with plaintiffs that if the facts of this case fall within the categories of the exceptions to governmental immunity then the School District may be held liable. However, the plaintiffs' claim must fall squarely into one of the enumerated exceptions. The only section which could possibly apply is the sub-section entitled trees, traffic controls and street lighting. 42 Pa.C.S. §8542(b)(4). Pursuant to that sub-section a dangerous condition of trees, traffic signs, lights or other traffic controls, street lights or lighting systems must exist in order for liability to be imposed on the local agency. We have previously stated that the Commonwealth Court has held that a school bus, even when stopped with flashing lights, is not a traffic control within the dangerous condition exception of PSTCA.

Accordingly, we find that there is no genuine issue as to any material fact here and that the School District is entitled to judgment as a matter of law.

In light of the foregoing, we enter the following

## ORDER

And now, December 13, 1991, the motion for summary judgment of defendant Pocono Mountain School District is hereby granted.