## Fabin v. Hamot Medical Center

*John Steele,* for plaintiff.
*T. Warren Jones, Irving Olds Murphy,* and *Eric Purchase,* for defendant.

LEVIN, *J.,* June 30, 1992—This matter is before the court on two motions by defendant Hamot Medical Center. Defendant requests this court grant its motion for entry of judgment of non pros filed on May 14, 1992, and also its motion for summary judgment against plaintiff filed on April 14, 1989. These issues will be discussed seriatim.

The determination of whether a motion for entry of judgment of non pros should be granted requires an examination of the record. Initially the court notes that both parties have been culpable for delay.

This action was commenced on November 22, 1974. Per the record, there was little progress on this case from that date until September 1984. From the time of the issuance of the summons in 1974 until the filing of the complaint in 1984, there was no action taken by the defendant to have the action dismissed. Had the defendant pursued entry of a judgment non pros during that time

interval, the court would have seriously entertained such a request. The defendant, however, chose not to take such action. Therefore the delay from the time of the issuance of the summons to the filing of the complaint is not something the court will now consider in determining whether entry of a judgment of non pros is appropriate or proper.

After the complaint was filed in 1984, the case proceeded with each party filing respective pleadings. These included primarily discovery pleadings. No request was made for the entry of judgment non pros. On August 30, 1988, the plaintiff filed a pretrial narrative. The defendant, even though requested by the plaintiff to file said document, has yet to file same. Instead of filing a pretrial narrative, the defendant, in 1989, filed a motion for summary judgment. Although briefs were filed, the argument was continued at the request of plaintiff's counsel. The last correspondence received by defendant Hamot Medical Center from plaintiff's counsel was a copy of a letter to this court dated May 24, 1989. Therein the court was advised that the parties had agreed to delay the argument on the defendant's motion for summary judgment. No further action was taken in this case until the current motion for entry of a judgment of non pros.

The sole issue before the court on the question of the defendant's entitlement to a judgment of non pros is whether the case known as *Penn Piping Inc. v. Insurance Co. of North America,* 529 Pa. 350, 603 A.2d 1006 (1992) dictates an automatic dismissal of the instant action. Granted, at first blush, *Penn Piping, supra,* along with the cases following such as *Klein v. Walton,* 413 Pa. Super. 150, 157 n. 4, 604 A.2d 1064, 1067 n. 4 (1992), and *Streidl v. Community General Hospital,* 529 Pa. 360, 603 A.2d 1011 (1992), require that the plaintiff's

action be dismissed and entry of judgment non pros be entered. Thus, if the sole reason for the delay was caused by defendant's motion for summary judgment, the court would grant the motion. In such a situation, the plaintiff would have had ample opportunity to bring this matter to a head by filing a brief and placing the matter on the argument list. See Erie County R.C.P. no. 209(c). However, as previously noted, this case was not only delayed by virtue of the motion for summary judgment but also by the defendant's failure to file a pretrial narrative. The filing of such a narrative is far beyond the control of the plaintiff. This is a task *only* the defendant can complete. This fact alone makes the case distinguishable from those cases previously cited wherein the plaintiffs had a vehicle to bring the matter before the court. Herein, the plaintiff had no such ability to compel compliance. It would be a gross miscarriage of justice were the defendant permitted to take advantage of his own inaction and have the plaintiff's cause of action thrown out of court. Were the court to approve same, it would be an abuse of discretion.

There is no question that the granting of non pros, because of the plaintiff's failure to prosecute his action within a reasonable time, rests with the discretion of the lower court, and the exercise of such discretion will not be disturbed on appeal, unless there is a proof of manifest abuse thereof. See *Gallagher v. Jewish Hospital,* 425 Pa. 112, 228 A.2d 732 (1967), as well as *Penn Piping, supra.* Inasmuch as this motion for non pros is something the court has the discretionary power to refuse or grant, it must weigh all factors, including the defendant's own delaying tactics, when reaching a conclusion. Motion for entry of judgment of non pros is denied.

As to the defendant's motion for summary judgment, as stated in *Garcia v. Savage*, 402 Pa. Super. 324, 328, 586 A.2d 1375, 1376 (1991), the standard for summary judgment is exacting.

"Summary judgment may properly be entered only if 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' Pa.R.C.P. 1035(b). The moving party has the burden of persuading the court that no genuine issues exist as to the material facts. Summary judgment may be entered only where the case is free from doubt. In passing upon a motion for summary judgment, moreover, a court must examine the record in the light most favorable to the non-moving party. Any doubt must be resolved against the moving party." 402 Pa. at 328, 586 A.2d at 1377 (citations omitted)

In the instant motion for summary judgment, the defendant relies on the immunity statute of the Commonwealth of Pennsylvania, §603 of the Mental Health and Mental Retardation Act of 1960, 50 P.S. §4603. Whether or not said section is applicable depends on the existence of certain facts, including but not limited to the decedent's status when at defendant hospital's emergency room. Since these facts are in dispute, the court is not in a position to consider granting the imposition of summary judgment.

## ORDER

And now, June 30, 1992, it is hereby ordered, adjudged and decreed that the motion for dismissal and entry of judgment non pros filed by the defendant is denied. Further, the defendant's request for motion for summary judgment is also denied.