579 A.2d 388

LAVENTHOL & HORWATH, Appellant,

v.

DEPENDABLE INSURANCE ASSOCIATES, INC. and
Republic Hogg Robinson of Pennsylvania, Inc., a/k/a
the Wirkman Company

v.

ANTHONY POPPLE & COMPANY, LTD. and PWS Group,
C.W. Hankin & Companies and Chubb & Son Insurance
Company and Emmanuel W. Wirkman Company, a/k/a the
Wirkman Company, a/k/a 233 Corporation, a/k/a the Wirk-
man Agency.

LAVENTHOL & HORWATH

v.

DEPENDABLE INSURANCE ASSOCIATES, INC. and
Republic Hogg Robinson of Pennsylvania, Inc., a/k/a
the Wirkman Company

v.

ANTHONY POPPLE & COMPANY, LTD. and the PWS Group,
C.W. Hankin & Companies and Chubb & Son Insurance
Company and Emmanuel W. Wirkman Company, a/k/a the
Wirkman Company, a/k/a 233 Corporation, a/k/a the Wirk-
man Agency.

Appeal of FEDERAL INSURANCE COMPANY, Erroneously
Designated as Chubb & Son Insurance Company.

Superior Court of Pennsylvania.

Argued Dec. 13, 1989.

Filed Aug. 6, 1990.

Reargument Denied Sept. 17, 1990.

554

Edward C. Mengel, Jr., Philadelphia, for appellant (at 527) and appellee (at 705).

David B. Adams, Cherry Hill, N.J., for Dependable Ins., appellee.

Maragaret M. Sherry Lurio, Philadelphia, for Anthony Popple, appellee.

James J. Bee, Philadelphia, for Chubb & Son, appellant (at 705) and appellee (at 527).

Before BROSKY, WIEAND and JOHNSON, JJ.

WIEAND, Judge:

This appeal from an order entering summary judgment involves a complex insurance dispute regarding coverage

for losses sustained as a result of employee thefts. After careful review, we conclude that the entry of summary judgment was inappropriate; and, therefore, we reverse.

In 1981, Laventhol & Horwath (Laventhol) approached Republic Hogg Robinson of Pennsylvania, Inc. (RHR) to obtain a policy of professional liability insurance. RHR obtained the assistance of Dependable Insurance Associates, Inc. (Dependable), a California broker experienced in the London insurance market. Dependable was able to negotiate through Anthony Popple & Company, Ltd. (Popple), a London broker, the policy thereafter issued by a consortium of underwriting syndicates at Lloyds of London represented by the C.W. Hankin Companies (Hankin). This policy provided professional liability coverage and employee fidelity coverage for a period of one year from July 1, 1981 to July 1, 1982. At the request of RHR, acting on behalf of Laventhol, Dependable obtained endorsements clarifying the employee fidelity coverage as follows:

"II. It is understood and agreed that as respects dishonesty; [sic] misrepresentation or fraud the policy covers in addition to claims made against the insured, losses sustained by the insured on [sic] their own property or the property of others.

"III. It is understood and agreed that as respects dishonesty; [sic] misrepresentation or fraud the policy will cover loss discovered within one year following termination of this contract, if written notice of such loss is given to the company within twelve months of termination."

This policy, according to the averments of the complaint, was renewed without change for the period from July 1, 1982 to July 1, 1983. Following negotiations, the coverage was alleged to have been renewed further for a period from July 1, 1983 to February 1, 1985. In anticipation of the 1985 expiration of fidelity coverage under the Hankin policy, Laventhol obtained coverage, without Dependable's assistance, from the Federal Insurance Company (Federal), a member of the Chubb Group of Insurance Companies, effec-

tive February 1, 1985. This policy provided coverage for losses incurred before the effective date under conditions specified in the policy which essentially required that losses prior to February 1, 1985 be covered under an established policy and which generally placed Federal in the position of an excess insurer regarding prior losses.[1]

In June, 1985, after coverage under the Hankin policy had expired but within the one year extended reporting period established by endorsement No. 10, Laventhol learned of and promptly reported to both Hankin and Federal substantial losses which had occurred as a result of continuing employee thefts. These thefts were allegedly of supplies, labor, equipment and services having a value in excess of one million dollars in Philadelphia and computer supplies and equipment having a value in excess of $46,000 from a branch office in California. The thefts in Philadelphia allegedly had begun in 1980 and had continued until they were discovered in June, 1985.

**1.** Specifically, the policy provisions were as follows:

3.6 *Liability for Prior Losses*

The liability of the Company for loss sustained prior to (1) the effective date of this policy or (2) the effective date additional insureds or coverages are subsequently added, is subject to the following:

(a) the insured or some predecessor in interest of the Insured carried some other bond or policy (other than a fidelity bond or policy, with respect to such loss under Insuring Clause 4) which, at the time such loss was sustained, afforded on or at the Premises at which the loss was sustained or on the person or persons (whether Employee(s) of the Insured or not) causing the loss, some or all of the coverage of the Insuring Clause of this policy applicable to the loss; and

(b) such prior coverage and the right of claim for loss thereunder continued under the same or some superseding bond or policy without interruption from the time the loss was sustained until the date specified in (1) or (2) above; and

(c) the loss shall have been discovered after the expiration of the time for discovery of such loss under the last such bond or policy

The liability of the Company with respect to such loss shall not exceed the amount which would have been recoverable under the coverage in force at the time the loss was sustained, or the amount

Coverage was denied under the Hankin policy on grounds that the policy had expired on February 1, 1985 and the provision for an extended reporting period had not been authorized or approved by the insurers. Coverage was also denied by Federal on grounds that its policy did not take effect until February 1, 1985 and the conditions for its assuming liability for prior losses had not been met.[2]

Laventhol filed suit against Dependable and RHR, alleging that they had been responsible for the lack of coverage by Hankin for theft losses occurring prior to February 1, 1985. Dependable denied liability and alleged further that Laventhol had sustained no loss because coverage for such thefts had been provided in the policy issued by Federal. Dependable also joined Hankin, Popple and Federal as additional defendants. The trial court entered an order which stayed all discovery outside eastern Pennsylvania. Consequently, discovery could not be completed. Nevertheless, Dependable and Popple filed motions for summary judgment. On January 18, 1989, the court removed its order limiting discovery and at the same time entered summary judgments in favor of Dependable and Popple. Appeals from the entry of these summary judgments were filed by Laventhol and Federal.

We note initially that Popple's motion for summary judgment was unopposed in the trial court. This, however, does not constitute a waiver of opposition on its part. Popple was not required by any procedural rule to raise a challenge to the motion in the trial court. *Eckenrod v. GAF Corp.*, 375 Pa.Super. 187, 190 n. 2, 544 A.2d 50, 52 n. 2 (1978), *appeal denied*, 520 Pa. 605, 553 A.2d 968. The trial court's order in favor of Popple was final and appealable, and the appeals therefrom were properly filed. Because the court's order as to Popple was grounded on the same

recoverable under the Insuring Clause of the policy applicable to the loss, whichever is smaller.

\* \* \* \* \* \*

2. Federal paid Laventhol's claim for losses occurring after February 1, 1985.

premise as the order in favor of Dependable, it is subject to the same analysis.

Summary judgment may properly be entered only if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Pa.R.C.P. 1035(b). The moving party has the burden of persuading the court that no genuine issues exist as to the material facts. Summary judgment may be entered only where the case is free from doubt. *Hower v. Whitmak Associates*, 371 Pa.Super. 443, 445, 538 A.2d 524, 525, *allocatur denied*, 522 Pa. 584, 559 A.2d 527 (1988). In passing upon a motion for summary judgment, moreover, a court must examine the record in the light most favorable to the non-moving party. Any doubt must be resolved against the moving party. *French v. United Parcel Service*, 377 Pa.Super. 366, 371, 547 A.2d 411, 414 (1988); *Thorsen v. Iron and Glass Bank*, 328 Pa.Super. 135, 140–141, 476 A.2d 928, 930 (1984); *Chorba v. Davlisa Enterprises, Inc.*, 303 Pa.Super. 497, 500, 450 A.2d 36, 38 (1982). To succeed on its motion for summary judgment in this case, Dependable was required to show that there was no dispute as to the facts and that it was entitled to judgment as a matter of law. *Amabile v. Auto Kleen Car Wash*, 249 Pa.Super. 240, 245, 376 A.2d 247, 249 (1977).

After careful review, we are of the opinion that the entry of summary judgment was premature. The complexities of the insurance coverage issues necessitate a full inquiry into the facts in order to determine (1) whether the employee thefts were covered by the Hankin policy and whether notice thereof was given within the extended time allowed therefor by the provisions of the policy; (2) if there was no coverage under the Hankin policy because the provisions of the policy granting such coverage were not authorized or approved by Hankin, whether Dependable (or Popple) was liable for failing to obtain the coverage requested by Laventhol; and (3) whether the conditions of the Federal policy

had been met so as to provide coverage under its policy for losses occurring prior to February 15, 1985.

A plaintiff acquires a cause of action against his broker or agent where the broker "neglects to procure insurance, or does not follow instructions, or if the policy is void or materially defective through the agent's fault...." 16A Appleman, Insurance Law and Practice § 8841, p. 180 (1981). The broker, in cases of default, is liable "[t]o the same extent as the insurer would have been liable had the insurance been properly effected...." *Id.* See also: *Consolidated Sun Ray, Inc. v. Lea,* 401 F.2d 650, 656 (3d Cir.1968), *cert. denied,* 393 U.S. 1050, 89 S.Ct. 688, 21 L.Ed.2d 692 (1969); *Luther v. Coal Operators Casualty Co.,* 379 Pa. 113, 116, 108 A.2d 691, 692 (1954), *overruled on other grounds, Jarvis v. Workmen's Compensation Appeal Bd.,* 497 Pa. 379, 441 A.2d 1189 (1981). Dependable, therefore, stands in the position of Hankin if the Hankin policy would have covered Laventhol's loss but for Dependable's default. Significantly, the Hankin insurers, in answer to Dependable's request for admissions, have conceded that the theft loss claims would have been covered under the 1983 to 1985 policy had the endorsement establishing an extended reporting period been authorized and effective. Our reading of the 1983–1985 policy, attached to and incorporated into the complaint, supports the conclusion that coverage would have been available had the fidelity coverage and the extended reporting period been obtained as promised. The two theft losses have been documented by plaintiff. These losses are in excess of one million dollars. Hankin has denied liability for such losses. Consequently, Laventhol has established in the pleadings and supporting documents the elements necessary to hold Dependable accountable for the losses.

Dependable argues that even if it were at fault in failing to obtain the agreed coverage from Hankin, Laventhol cannot recover in this action because it sustained no loss. Laventhol suffered no loss, it is argued, because coverage existed under the subsequent Federal policy. Such an

argument is ingenuous but unavailing. Dependable cannot defeat the cause of action alleged against it by Laventhol by showing that Laventhol might also have asserted a cause of action against Federal. If Laventhol has separate causes of action against Dependable and Federal by which it can recover the theft losses, it may pursue either or both, although it can have but one satisfaction of its claim for those losses. See: *Joseph Melnick Building & Loan Ass'n v. Melnick,* 361 Pa. 328, 64 A.2d 773 (1949); *Capone v. Donovan,* 332 Pa.Super. 185, 191, 480 A.2d 1249, 1252 (1984). Compare: *Wedgewood Diner, Inc. v. Good,* 368 Pa.Super. 480, 534 A.2d 537 (1987). This rule is not altered merely because one of the alternate sources of recovery is an insurance company's agreement to indemnify the plaintiff for the loss which the plaintiff is attempting to recover from a broker who failed to provide agreed coverage. The fact that Laventhol may be partially or wholly indemnified for its loss by other insurance cannot be asserted by Dependable in mitigation or satisfaction of damages where Dependable did not contribute to the procurement of such other insurance. 25 C.J.S. Damages § 99(2) (1966). See also: *Lobalzo v. Varoli,* 409 Pa. 15, 17, 185 A.2d 557, 558 (1962); *Moidel v. People's Natural Gas Co.,* 397 Pa. 212, 222, 154 A.2d 399, 403 (1959); *Denardo v. Carneval,* 297 Pa.Super. 484, 494–495, 444 A.2d 135, 141 (1982). The Federal policy is a collateral contractual arrangement which does not impair or protect against the liability of Dependable for its wrongdoing, if any. Dependable cannot avoid accountability for its wrongful conduct by shifting the focus of inquiry to the interpretation of a contract between plaintiff and Federal, a contract to which Dependable is not a party. The existence of the Federal policy, even if it does provide coverage, is not an appropriate basis for the entry of summary judgment in favor of Dependable.

It is significant, moreover, that the parties vigorously dispute whether Federal is obligated to provide coverage for losses incurred prior to the policy's effective date of February 1, 1985. Coverage under the Federal policy for

prior losses is dependent on the satisfaction of conditions previously recited. In granting Dependable's motion for summary judgment, the trial court assumed but did not decide judicially that "[a]ll of these conditions were satisfied in this case." Federal's possible liability remains judicially undetermined. Its liability, if any, is still an open question. A determination thereof requires a careful evaluation of the nature and extent of coverage actually available to plaintiff prior to the inception of the Federal policy. That evaluation cannot be made on the present record, for the authorized terms of the Hankin policies are in dispute.

Laventhol alleges that the copy of the 1983–1985 policy attached to the complaint is a true and correct copy of the policy. Hankin and Popple, however, have denied that plaintiff's copy is a true and correct statement of their agreement. They contend that the terms of their coverage are contained in "cover notes" which do not mention employee theft or fidelity coverage. Therefore, it remains to be determined whether the coverage actually provided by Hankin (as opposed to that promised by Dependable) satisfied the Federal conditions for prior loss coverage. To the extent that the trial court found the Federal conditions for prior loss coverage satisfied on the basis of admissions by Hankin, the court erred. Neither plaintiff nor Federal is bound by statements made by an additional defendant in response to interrogatories. See: 6 Standard Pa.Prac.2d § 32.8 (1982). See also: *Phaff v. Gerner,* 451 Pa. 146, 303 A.2d 826 (1973); *Nanty–Glo Boro v. American Surety Co.,* 309 Pa. 236, 163 A. 523 (1932).

It is particularly questionable whether Laventhol is entitled to reimbursement under the Federal policy for employee thefts which occurred in 1980 and early 1981. Plaintiff claims that such losses would have been covered under the Hankin policies in the absence of Dependable's negligence. Such losses, however, pre-dated the Hankin policy, and the subsequent issuance of that policy does not necessarily comply with the conditions imposed by the Federal policy for losses occurring in 1980 and 1981.

Finally, Dependable has failed to demonstrate that the Federal policy, which limits liability for employee theft to one million ($1,000,000) dollars, would fully compensate plaintiff for the losses which it has sustained by employee thefts. Plaintiff has reported two incidents of employee theft in a total amount exceeding one million ($1,000,000) dollars. Had Dependable obtained the promised policy provisions from the Hankin insurers, the plaintiff's losses would have been covered to a limit of ten million ($10,000,-000) dollars for each incident and thirty million ($30,000,000) dollars in the aggregate.

Because the entry of summary judgment in favor of defendant, Dependable, and additional defendant, Popple, was in error, it must be reversed.

Reversed and remanded for further proceedings. Jurisdiction is not retained.