J-A17018-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ROBERT EGAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALLSTATE PROPERTY AND CASUALTY | : | No. 105 EDA 2023 |
| INSURANCE COMPANY AND JACK | : | |
| RUANE | : | |

Appeal from the Order Entered December 12, 2022
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 201000413

BEFORE: BOWES, J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.: **FILED NOVEMBER 4, 2025**

Robert Egan ("Egan") appeals from the order granting preliminary objections filed by Allstate Property and Casualty Insurance Company ("Allstate"), to Egan's fifth amended complaint. We affirm in part, reverse in part, and remand for further proceedings consistent with this memorandum.

Egan's father lived at 2545 W. Colonial Drive, Boothwyn, Pennsylvania ("the property"). He began using Allstate as his insurer in the 1970s. Jack Ruane ("Ruane"), a "captive" Allstate insurance agent,[1] served as Egan's father's insurance agent. *See* Egan's Fifth Amended Complaint, 9/8/22, at ¶¶ 1-3. Allstate issued an insurance policy for the property, which had

_____

[1] A "captive" insurance agent issues policies for a single insurer.

apartments designated "A," "B," and "C." ***See id***. at ¶¶ 8, 9.[2] In 1995, Egan began living in Apartment A. ***See id***. at ¶ 10. In 2008, Egan purchased the property from his father and obtained an Allstate homeowner's insurance policy ("the policy") for the property from Ruane, his father's agent. ***See id***. at ¶¶ 1-3, 11, 12.

Rather than provide Egan the replacement coverage he requested, Ruane asked Egan how much was due on the mortgage ($180,000) and insured the property for that amount, far below the property's $450,000 replacement cost. ***See id***. at ¶¶ 13-19. Between 2008 and 2017, Egan requested Allstate correct the mailing address on the policy to reflect that he lived in Apartment A, not Apartment C, as listed; Allstate never did so. ***See id***. at ¶ 21-22. In or around 2015, Egan suffered "a loss at the [p]roperty" which Allstate covered despite the wrong apartment being listed on the policy. ***See id***. at ¶ 23.

In May 2017, Egan purchased a new property ("the new property"), and Ruane obtained Allstate insurance for the new property for him. In May 2017, Egan moved out of the property he purchased from his father, *i.e.*, Apartment A. ***See id***. at ¶ 24. Before moving, Egan attempted to notify Allstate of the move through an online change of address form. Such a change could not be made online, so Egan was required to contact his agent. Before moving, Egan

_____

[2] The complaint does not state the date Allstate issued the policy.

called Ruane and told him he was moving out of the property. Ruane told Egan he would "take care of it." Allstate and Ruane did not make the changes Egan requested. *See id*. at ¶¶ 26-31.

On or about February 27, 2020, a fire occurred at the property resulting in damage. Egan gave Allstate timely notice of the fire which was "believed to be result of a peril insured against under the [p]olicy." Allstate denied coverage and refused to pay for the loss. *See id*. at ¶¶ 32-35.[3]

Egan timely filed suit against Allstate and Ruane asserting breach of contract and bad faith by Allstate, breach of contract and negligence by Ruane. Egan later amended his complaint, asserting breach of contract and bad faith by Allstate, breach of contract and negligence by Ruane. The trial court granted Appellees' preliminary objections to Egan's first amended complaint based on lack of sufficient specificity. *See* Trial Court Opinion, 2/22/23, at 1-2. Egan filed a second amended complaint, asserting claims of breach of contract and bad faith against Allstate and breach of contract and negligence against Ruane. In response to Appellees' preliminary objections, the trial court dismissed the complaint for lack of specificity and dismissed the breach of contract claim against Allstate without prejudice, but dismissed with prejudice the claims of bad faith against Allstate and the breach of contract

_____

[3] Egan attached an insurance policy and a preliminary estimate of damage to his complaint. *See* Egan's Fifth Amended Complaint, 9/8/22, Exhibits A, B.

claim against Ruane, and did not specifically rule on the negligence claim against Ruane.[4]

Egan filed a third amended complaint solely against Allstate. The complaint alleged breach of contract and bad faith against Allstate, and breach of contract and negligence by Ruane as Allstate's agent, and then a fourth amended complaint, supplanting the third complaint, against Allstate alleging breach of contract and breach of contract and negligence by Ruane as Allstate's agent. The trial court dismissed the fourth amended complaint without prejudice.

The matter currently before us regards Egan's second amended complaint and fifth amended complaint, filed in June 2022, and averments Egan made which the trial court is required to accept as true. In the fifth amended complaint, Egan asserted the following claims, a breach of contract claim against Allstate, a breach of contract claim against Allstate through Ruane (its agent), and a negligence claim against Allstate through Ruane (its agent). The trial court again granted Allstate's preliminary objections and dismissed all three claims with prejudice. *See* Order 11/28/22.

---

[4] Because the court dismissed one claim without prejudice, there was no final order on any of the claims from which Egan could appeal. The dismissal of that claim **without prejudice** was not a final order subject to appeal. **See Mier v. Stewart**, 683 A.2d 930, 930 (Pa. Super. 1996). **See also Strausser v. PRAMCO, III**, 944 a.2d 761, 764 (Pa. Super. 2008) (holding that a party is not required to file an appeal in a suit in an action against multiple defendants until the resolution of the final claim against the final defendant).

Egan moved for reconsideration and filed a notice of appeal. The trial court dismissed the reconsideration motion for lack of jurisdiction due to the pending appeal. Egan and the trial court timely complied with Pa.R.A.P. 1925.

Egan presents four issues for review on appeal:

[1.] Did the trial court commit errors of law and/or abuse its discretion in sustaining preliminary objections to Egan's **Second Amended** Complaint in the nature of demurrer for legal insufficiency and dismissing Egan's breach of contract claim against Allstate's Agent with prejudice?

[2.] Did the trial court commit errors of law and/or abuse its discretion in sustaining preliminary objections to Egan's Fifth Amended Complaint in the nature of demurrer for legal insufficiency and dismissing Egan's breach of contract claim against Allstate with prejudice?

[3.] Did the trial court commit errors of law and/or abuse its discretion in sustaining preliminary objections to Egan's Fifth Amended Complaint in the nature of demurrer for legal insufficiency and dismissing Egan's breach of contract claim against Allstate (relating to Allstate's Agent) with prejudice?

[4.] Did the trial court commit errors of law and/or abuse its discretion in sustaining preliminary objections to Egan's **Second Amended** Complaint in the nature of demurrer for legal insufficiency and dismissing Egan's bad faith claim against Allstate with prejudice?

[5.] Did the trial court commit errors of law and/or abuse its discretion in sustaining preliminary objections to Egan's Fifth Amended Complaint in the nature of demurrer for legal insufficiency and dismissing Egan's negligence claim against Allstate (relating to Allstate's Agent) with prejudice?

Egan's Brief at 6 (issues reordered, capitalization standardized, emphases added).

The standards governing our review of an order sustaining preliminary objections in the nature of a demurrer are well settled:

On appeal, we exercise *de novo* review of a lower tribunal's order sustaining preliminary objections in the nature of a demurrer. A demurrer tests the legal sufficiency of a complaint. For the purpose of evaluating the legal sufficiency of the challenged pleading, the court must accept as true all well-pleaded, material, and relevant facts alleged in the complaint and every inference that is fairly deducible from those facts. The question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it.

***Commonwealth by Shapiro v. UPMC***, 208 A.3d 898, 908-09 (Pa. 2019) (quotation marks, paragraph division, and internal citations omitted). Our scope of review is limited to the averments in the complaint together with the attached documents and exhibits. ***See Hill v. Ofalt***, 85 A.3d 540, 547 (Pa. Super. 2014). Only those facts specifically admitted by the non-moving party may be considered against it. ***See Sejpal v. Corson, Mitchell, Tomhave & McKinley, M.D.'s, Inc.***, 665 A.2d 1198, 1199 (Pa. Super. 1995). This Court will only affirm the grant of a motion for judgments on the pleadings when the moving party's right to succeed is so free from doubt the pleader will be unable to prove facts sufficient to entitle him to relief. ***See Feingold v. Hendrzak***, 15 A.3d 937, 941 (Pa. Super. 2011).

Egan's first three issues assert the improper dismissal of his breach of contract claims against either Ruane or Allstate, or both, with prejudice. He asserts he had an oral contract with Ruane, Allstate's agent, and his policy

was improperly issued with a residency requirement and at less than replacement cost.[5]  *See* Egan's Brief at 8-15.

To prove a valid oral contract, a party must show that: (1) both parties manifested an intent to be bound by the terms of the agreement, (2) the terms are sufficiently definite, and (3) consideration existed.  *See Johnson the Florist, Inc. v. TEDCO Const. Corp.*, 657 A.2d 511, 516 (Pa. Super. 1995) (*en banc*).  In the case of a disputed oral contract, "what was said and done by the parties, as well as what was intended by what was said and done by the parties, are questions to be resolved by the trier of fact. . . ."  *See id*. The proponent of the contract bears the burden by a preponderance of the evidence to prove the existence of a valid oral contract to which the defendant is a party.  *See Viso v. Werner*, 369 A.2d 1185, 1187 (Pa. 1977).

Egan recites that his fifth amended complaint, which was virtually identical to his second amended complaint, asserted a valid oral contract with Ruane that bound Allstate because Ruane assumed the duties of procuring an appropriate policy for Egan with appropriate coverage amounts and otherwise in accordance with Egan's requests.  Egan alleges that he communicated the essential terms of the oral contract, including insuring the property at replacement-cost value to Ruane.  He avers that consideration existed in the

---

[5] Egan does not assert Allstate breached the **written** insurance policy, although that issue is relevant to his bad faith claim against Allstate.

form of receipt of his payment, and that Ruane affirmatively undertook the duties of the contract, including modifying the policy to a commercial policy to reflect Egan's move from the property. *See* Egan's Brief at 11-13.

Allstate and Ruane argue, *inter alia*, Ruane did not receive consideration because Egan made policy payments to Allstate, and therefore Egan and Ruane did not have an oral contract imputable to Allstate. *See* Allstate and Ruane's Brief at 17-22. They assert that in the absence of consideration, Allstate can only be bound by an oral contract if: (1) the promisor reasonably expected to induce action or forbearance by the promise, (2) the promise induced such action or forbearance, and (3) injustice can only be avoided by enforcing the promise. *See* Allstate and Ruane's Brief at 19-21; ***Crouse v. Cyclops Industries***, 745 A.2d 606, 610 (Pa. 2000). They further assert Egan cannot justifiably rely on an oral contract having later signed a ***written*** contract that explicitly contradicts the alleged oral promise. ***See Hart v. Arnold***, 884 A.2d 316, 340 (Pa. Super. 2005). Because the policy was renewed in 2019, ***subsequent to*** the alleged oral modification, they assert Egan cannot validly claim justifiable reliance. ***See id***. at 19.

The trial court rejected Egan's claim, finding Egan's continued payment of insurance premiums did not constitute consideration for a new, oral contract. ***See*** Supplemental Opinion, 12/14/23, at 6-7.

Egan asserts Ruane and Allstate agreed to give him expanded insurance coverage without consideration in the form of an increase in premium and that

his continued premium payments of the original amount constituted consideration. Notwithstanding the unlikelihood of this factual assertion, the undisputed facts establish that after the alleged oral contract the parties later entered a **written** contract that explicitly contradicts the alleged oral promise. Egan could not establish justifiable reliance on the alleged oral contract, even at the preliminary objection stage, and his breach of contract claims against Allstate and Ruane, its agent, fail. **See Arnold**, 884 A.2d at 340. Thus, we affirm the trial court's ruling although on somewhat different grounds upon which the court relied.[6]

Egan's fourth issue asserts the improper dismissal of his bad faith claim against Allstate with prejudice.

In an action arising under an insurance policy, if the court finds the insurer acted in bad faith toward the insured, the court may award interest, punitive damages, and assess costs and attorney's fees against the insurer. **See** 42 Pa.C.S.A. § 8371. Case law defines bad faith as

> any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent. For purposes of a [bad faith action], such conduct imports a dishonest purpose and means a breach of a known duty (i.e., good faith and fair dealing), though through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith.

---

[6] **See Trust Under Deed of Walter R. Garrison**, 302 A.3d 129, 136 n.11 (Pa. Super. 2023) (stating this Court may affirm a lower court's decision if there is any proper basis for the result reached, even if it is different than the basis relied upon by the trial court).

***Terletsky v. Prudential Property and Cas. Ins. Co.***, 649 A.2d 680, 688 (Pa. Super. 1994) (citations omitted). Bad faith must be proved by clear and convincing evidence. ***See id***. To recover on a bad faith claim, an insured must show the defendant: (1) did not have a reasonable basis for denying benefits under the policy and (2) the defendant knew or recklessly disregarded its lack of reasonable basis in denying the claim. ***See id***. An action for bad faith may also extend to the insurer's investigative practices. ***See O'Donnell v. Allstate Ins. Co.***, 734 A.2d 901, 906 (Pa. Super. 1999).

Egan asserts he properly pled bad faith in his second amended complaint by asserting, *inter alia*, Allstate falsely represented he was not entitled to recovery, failed to investigate his claim, asserted baseless policy defenses, mispresented facts or policy provisions, and failed to explain the denial of Egan's claim. Specifically, he claims he requested a replacement cost policy and told Ruane he would be moving out of the property, and Ruane promised to "take care of" things. ***See*** Egan's Brief at 18-19.

The trial court denied Egan's claim because Egan did not reside at the property at the time of the damage as the policy required. ***See*** Supplemental Opinion, 12/14/23, at 8.

The trial court did not commit legal error by affirming the dismissal of Egan's bad faith claim. As already established, Egan did not show an enforceable oral modification of the written insurance contract that required him to be a resident of the insured property. The written contract required

Egan to be a resident. *See* Insurance Contract, 2/28/19, "Policy Endorsement, and at 7, 10 (limiting coverage to "your dwelling" and limiting coverage to the place where the insured resided). Because Egan did not prove a breach of the written contract, he cannot establish bad faith. ***See Cresswell v. Pennsylvania Nat. Mut. Cas. Ins. Co.***, 820 A.2d 172, 181 (Pa. Super. 2003) (citation omitted) (stating that "if there is no duty to provide coverage, the failure to provide coverage cannot constitute bad faith"). Alternatively, even the negligent denial of coverage does not establish bad faith; Egan could not prevail until he could show a "frivolous and unfounded" denial of coverage. ***Terletsky***, 649 A.2d at 688. The language of the written policy prevents him from doing so and demonstrates he could not prevail on his bad faith claim.

Egan's final issue alleges Allstate's negligence relating to its agent, Ruane.

The tort of negligence requires: (1) a legally recognized duty that the defendant conform to a standard of care, (2) the breach of that duty, (3) causation between the conduct and the resultant injury; and (4) actual damage. ***See Massaro v. McDonald's Corporation***, 280 A.3d 1028, 1036 (Pa. Super. 2022). An insurance agent has an affirmative duty to follow a client's instructions when obtaining an insurance policy and can be found negligent for failing to do so. ***See Laventhol & Horvath v. Dependable Ins. Associates, Inc.***, 579 A.2d 388, 391 (Pa Super. 1990).

Egan avers, *inter alia*, he asked Ruane, Allstate's agent, for a policy with replacement-cost value and told Ruane he was not going to be residing at the property, and Ruane assured him he would "take care of it." **See** Egan's Brief at 20-23. He further asserts he relied to his detriment on Ruane's material misrepresentations. **See id**. at 23.

The trial court found Egan failed to state a cause of action because the written policy was renewed two years **after** Egan claims he made an oral contract requesting specific changes to the policy, the policy explicitly stated it was not a replacement-cost policy, and the policy, which Egan accepted, required him to reside in the property. **See** Supplemental Opinion, 12/14/23, at 8-9.

Our *de novo* standard of review in conjunction with the rule that preliminary objections should not be granted unless "the law states with certainty that no recovery is possible," **see Commonwealth by Shapiro**, 208 A.3d at 908-09, compels reversal of the trial court's ruling at this initial stage of the litigation. Egan has alleged Ruane's misrepresentation – which the trial court was required to accept as true – and asserted that the misrepresentation constituted a breach of a duty to conform to a standard of care that induced reliance and resulted in injury. **See Massaro**, 280 A.3d at 1036. Additionally, an agent can be negligent for failing to follow a client's instructions when obtaining an insurance policy. **See Laventhol & Horvath**, 579 A.2d at 391. Thus, despite the general nature of Egan's assertions, which may ultimately

lead to the denial of his claim Egan pled a cause of action for negligence at this early stage with sufficient specificity to meet the low barrier to survive preliminary objections. *See Commonwealth by Shapiro*, 208 A.3d at 908-09. Accordingly, we reverse the trial court's ruling on this final issue and remand the case to the trial court in accordance with this memorandum.

Order affirmed in part and reversed in part. Case remanded to trial court. Jurisdiction relinquished.

Judge Nichols joins this decision.

Judge Bowes concurs in the result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/4/2025